IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CURTIS BRADLEY, | CASE NO. 1:10CV0681 |
| Petitioner, | |
| | JUDGE LIOI |
| v. | |
| | MAGISTRATE JUDGE VECCHIARELLI |
| RONALD STEVENSON, Administrator, Adult Parole Authority, | |
| | REPORT AND RECOMMENDATION |
| Respondent. | |

This matter is before the magistrate judge pursuant to Local Rule 72.2(b)(2). Before the court is the petition of Curtis Bradley ("Bradley") for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 on March 31, 2010. Bradley is subject to the post-release control of the Adult Parole Authority pursuant to journal entry of sentence in the case of *State of Ohio vs. Bradley*, Case no. CR-04-459805-A (Cuyahoga County 2004). For the reasons set forth below, the court should dismiss Bradley's petition.

I.

The state appellate court reviewing Bradley's conviction during his initial appeal found the following facts to be relevant to his case:

> {¶ 2} In 2004, Bradley was charged with drug trafficking, drug possession, and possession of criminal tools. He filed a motion to suppress, which the trial court denied after a full hearing. The matter proceeded to trial, at which the jury convicted Bradley of all charges. The court sentenced him to four years in prison on each of the drug charges, to be served concurrently. The following facts were

adduced at the motion to suppress hearing and trial.

{¶ 3} Officer Beese of the Cuyahoga Metropolitan Housing Authority police ("CMHA") issued Bradley a misdemeanor citation. Bradley failed to appear at his court hearing, and the court issued a warrant for his arrest. Officer Beese was present in court when the court issued the warrant, and he obtained a copy of the court's docket reflecting that a warrant was issued.

{¶ 4} On October 29, 2004, Officer Beese was patrolling the area of East 55th Street near East Technical High School when he observed Bradley driving. Beese informed the Cleveland Police Department ("CPD") officers on scene that he had just seen Bradley drive by in his distinctive purple car.

{¶ 5} CPD stopped Bradley in the area of East 49th Street and Payne Avenue and verified his identity and the outstanding warrant. Officers arrested Bradley and proceeded to inventory the contents of his car prior to towing the vehicle. Sergeant Shaughnessy of the CMHA police arrived with his canine, Wesley, to search Bradley's car. The dog detected the presence of narcotics in the front passenger seat. Officers recovered 25.60 grams of crack cocaine, $1,492 in cash, and a cell phone. The name "Bino" appeared on the screen of the cell phone. The crack cocaine was recovered from the cushion of the passenger seat, which had been cut to contain a hidden pocket.

*State v. Bradley*, 2006 WL 2242917, at *1 (Ohio App. June 29, 2006).

The September 2004 term of the Cuyahoga County grand jury indicted Bradley on trafficking, drug possession, and possession of criminal tools. Bradley pleaded not guilty. On April 7, 2005, a jury found Bradley guilty of one count each of trafficking, drug possession, and possession of criminal tools. The court sentenced Bradley to two concurrent sentences of four years and one concurrent sentence of six months on these charges. The court also imposed a period of post-release control.

Bradley timely filed a notice of appeal. In his state appellate brief, Bradley asserted three assignments of error:

Assignment of Error I:

> The trial court erred in not suppressing evidence seized from Mr. Bradley's vehicle following an illegal detention.

>Assignment of Error II:
>
>>The trial court improperly admitted the State's rebuttal evidence that improperly created the inference that Mr. Bradley and witness Hampton were gang member ans [sic] that Mr. Hampton was falsely admitting guilt in order to fraudulently assist Mr. Bradley.
>
>Assignment of Error III:
>
>>The trial court erred in imposing more than the minimum sentence of three years on each count of counts one and two.

On April 21, 2008, the state appellate court overruled Bradley's first two assignments of error but affirmed the third and vacated Bradley's sentence.  The state appellate court remanded Bradley's case to the trial court for resentencing pursuant to *State v. Foster*, 109 Ohio St. 3d 1, 845 N.E.2d 470 (2006).

Bradley timely filed a notice of appeal in the Ohio Supreme Court.  In his memorandum in support of jurisdiction, Bradley asserted three propositions of law:

>PROPOSITIONS OF LAW I AND II
>
>>Evidence that a defendant is a member of a gang and evidence that gang members will testify falsely to protect each other is not relevant to attack the credibility of a defense witness when there has been no evidence presented that the witness is personally a member of the gang and where the witness has testified that he has no knowledge about gangs.
>
>>It is impermissible for a law enforcement officer to testify about what the officer testifies is general knowledge of the practices of a gang without the State having established through testimony of witnesses with first-hand knowledge that gang members actually engage in these particular practices.
>
>PROPOSITION OF LAW III
>
>>In the absence of exigent circumstances, a police officer who is aware that a warrant issued for a defendant's arrest for a misdemeanor at an earlier date must verify that the warrant still exists before detaining the defendant.

*State v. Bradley*, Memorandum in Support of Jurisdiction, 2006 WL 4821948, at *1

(Ohio S. Ct. Aug. 24, 2006).  On November 29, 2006, the Ohio Supreme Court declined jurisdiction and dismissed his appeal as not involving any substantial constitutional question.

Bradley filed a petition for a writ of certiorari on April 30, 2007.  The Supreme Court denied the writ on October 1, 2007.

The trial court resentenced Bradley on April 11, 2007.  The court imposed the same sentence that it had imposed originally.

Bradley timely appealed his resentencing.  In his appellate brief, he asserted a single assignment of error:

> Appellant was deprived of his liberty without due process of law when he was sentenced under a judicially altered, retroactively applied, and substantially disadvantageous statutory framework.

On August 4, 2008, the state appellate court affirmed the judgment of the sentencing court.

Bradley timely filed in the Ohio Supreme Court a notice of appeal of the state appellate court's decision.  In his memorandum in support of jurisdiction, Bradley asserted one proposition of law:

> Because the remedy mandated by *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, cannot be applied retroactively, persons whose felony offenses were committed prior to February 27, 2006 must be sentenced to minimum and concurrent terms of imprisonment.

On December 31, 2008, the Ohio Supreme Court declined jurisdiction and dismissed his appeal as not involving any substantial constitutional question.

In the meantime, Bradley filed a petition for post-conviction relief pursuant to Ohio Rev. Code § 2953.21 March 13, 2006.  Bradley challenged the constitutionality of

his conviction, alleging that his conviction had been based upon insufficient evidence and that he had ineffective assistance of counsel. On April 13, 2006, the state appellate court granted the state's motion to dismiss Bradley's petition and dismissed it without opinion.

Bradley timely appealed the trial court's dismissal of his petition for post-conviction relief. In his appellate brief, Bradley alleged two assignments of error:

Assignment of Error I:

> The trial court improperly dismissed the petition without making findings of fact and conclusions of law.

Assignment of Error II:

> The petition for post-conviction relief should not be dismissed.

On June 27, 2007, the state appellate court affirmed Bradley's first assignment of error and overruled the second, finding that Bradley's claim of insufficient evidence was barred by *res judicata* and that his claim of ineffective assistance of counsel had not been proven. The state appellate court remanded the case to the trial court for findings of fact and conclusions of law. On June 11, 2007, Bradley moved for reconsideration. The state appellate court denied this motion on June 27, 2007.

Bradley timely filed in the Ohio Supreme Court a notice of appeal of the state appellate court's decision. His memorandum in support of jurisdiction asserted one proposition of law:

> When a court of appeals reverses a trial court's denial of a petition for post-conviction relief because the trial court failed to make findings of fact and conclusions of law, the court of appeals lacks the jurisdiction to address whether the petition should or should not have been denied.

On November 21, 2007, the Ohio Supreme Court declined jurisdiction and dismissed

5

his appeal as not involving any substantial constitutional question.

On July 13, 2007, the trial court adopted the findings of fact and conclusions of law proposed by the state. These included the conclusions that Bradley's claim of claim of insufficient evidence was barred by *res judicata* and that Bradley had failed to establish a *prima facie* case of ineffective assistance of counsel. The court thereupon granted the state's motion for dismissal.

Bradley timely appealed the second dismissal of his petition for post-conviction relief. His appellate brief alleged two assignments of error:

Assignment of Error I:

The petition for post-conviction should not be dismissed on its merits.

Assignment of Error II:

The the trial court improperly dismissed the petition for reasons other than *res judicata* without making findings of fact and conclusions of law in this regard.

On July 28, 2008, the state appellate court affirmed the judgment of the trial court. Bradley did not appeal this decision.

Bradley filed in this court a petition for a writ of habeas corpus on March 31, 2010. Bradley asserts two grounds for relief:

**Ground One:** The trial court admitted evidence of gang-involvement that denied defendant due process of law and confrontation.

**Ground Two:** Counsel was ineffective for failing to present evidence that the quantity of cocaine was sufficiently less than that presented at trial, which would have reduced the level of offense.

Respondent filed an Answer/Return of Writ on July 28, 2010. Thus, the petition is ready for decision.

6

II

*A. Jurisdiction*

The Court of Common Pleas of Cuyahoga County, Ohio sentenced Bradley. Bradley filed his writ of habeas corpus in the Northern District of Ohio and raises claims regarding the constitutionality of his incarceration under 28 U.S.C. § 2254.

> Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions. . . . Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application.

28 U.S.C. § 2241(a) & (d). Cuyahoga County is within this court's geographic jurisdiction. This court has jurisdiction over Bradley' petition.

*B. Evidentiary hearing*

The habeas corpus statute authorizes an evidentiary hearing in limited circumstances when the factual basis of a claim has not been adequately developed in state court proceedings. 28 U.S.C. § 2254(e)(2). There is no need for an evidentiary hearing in the instant case. All of Bradley's claims involve legal issues which can be independently resolved without additional factual inquiry.

*C. Exhaustion of state remedies*

A state prisoner must exhaust all available state remedies or have no remaining state remedies available prior to seeking review of a conviction via federal habeas corpus. 28 U.S.C. § 2254(b) and (c); *Castillo v. Peoples*, 489 U.S. 346, 349 (1989); *Riggins v. Macklin*, 936 F.2d 790, 793 (6th Cir. 1991). If any state procedures for relief

remain available, the petitioner has not exhausted state remedies. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

A petitioner must fairly present any claims to the state courts in a constitutional context properly to exhaust state remedies. *Anderson v. Harless*, 489 U.S. 4 (1982); *Picard v. Connor*, 404 U.S. 270 (1971); *Shoultes v. Laidlaw*, 886 F.2d 114, 117 (6th Cir. 1989). "[O]nce the federal claim has been fairly presented to the state courts, the exhaustion requirement is satisfied." *Picard*, 404 U.S. at 275; *see also Harris v. Reeves*, 794 F.2d 1168. 1174 (6th Cir. 1986). The exhaustion requirement is properly satisfied when the highest court in the state in which petitioner was convicted has been given a full and fair opportunity to rule on all the petitioner's claims. *Manning v. Alexander*, 912 F.2d 878, 881-83 (6th Cir. 1990).

The requirement that petitioners exhaust state remedies is a matter of comity between the federal government and the states:

> The exhaustion doctrine is principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings. . . . Because "it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation," federal courts apply the doctrine of comity, which "teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter."

*Rose v. Lundy*, 455 U.S. 509, 518 (1982) (quoting *Darr v. Burford*, 339 U.S. 200, 204 (1950)) (other citations omitted). Because exhaustion is a matter of comity, a petition containing unexhausted claims may be denied on the merits. 28 U.S.C. § 2254(b)(2).

Bradley has no state remedies available for his claims. Because no state remedies remain available to him, Bradley has exhausted state remedies.

*D.   Procedural default*

Procedural default occurs when a petitioner fails to present fairly his constitutional claims to the highest state court in a federal constitutional context. *Anderson*, 489 U.S. 4; *Picard v. Connor*, 404 U.S. 270 (1971). Reasons of federalism and comity generally bar federal habeas corpus review of "contentions of federal law . . . not resolved on the merits in the state proceeding due to respondent's failure to raise them there as required by state procedure." *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977). When a petitioner

> has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Procedural default occurs when a petitioner fails to present fairly to the highest state court his claims in a federal constitutional context. *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Anderson v. Harless*, 459 U.S. 4 (1982).

Respondent contends that Bradley has defaulted both his grounds for relief. Respondent argues as follows.

*A.   Ground one: Admission of evidence in alleged violation of due process and the right to confront witnesses*

Respondent contends that Bradley has procedurally defaulted this claim because he failed to raise the claim in the state courts in a federal constitutional context.

Fair presentment of a claim in a federal constitutional context requires a petitioner to apprise the state courts that a claim is a federal claim, "not merely as an

9

issue arising under state law." *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984). A petitioner need not cite "'book and verse on the federal constitution,'" *Picard*, 404 U.S. at 278, to apprise state courts that his claim is based on federal law. A petitioner fairly presents a federal claim to state courts by relying on relevant federal cases employing the constitutional analysis upon which petitioner relies, by relying on state cases employing a federal constitutional analysis in fact situations similar to his own, or by asserting the claim in terms so particular as raise the specific right protected by the Constitution. *Franklin v. Rose*, 811 F.2d 322, 326 (6th Cir. 1987) (quoting *Daye v. Attorney Gen.*, 696 F.2d 186, 193-94 (2d Cir. 1982)). A petitioner does not fairly present a federal claim to a state court merely by presenting the facts underlying his claim for relief, *Picard,* 404 U.S. at 277, nor by making a general reference to a broad constitutional guarantee, such as due process, *Gray v. J.D. Nederland*, 518 U.S. 152, 163 (1996). The petitioner must present argument or citations to cases which identify the substance of the particular analysis upon which petitioner relies in asserting his federal constitutional claim. *Gray*, 518 U.S. at 162-63. Moreover, "ordinarily a state prisoner does not 'fairly present' a claim to a state court if that court must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so." *Baldwin v. Reese*, 541 U.S. 27, 32 (2004). Finally, fair presentment requires that any claim raised in federal court have been presented to the state courts as resulting from the same errors under the same legal theories described in the federal claim. *Pillette v. Foltz,* 824 F.2d 494, 497 (6th Cir. 1987).

During Bradley's trial, Bradley called a juvenile friend of Bradley's, Ivan Hampton

("Hampton") to testify that Hampton had found in the parking lot of the King Kennedy Estates the drugs at issue in the case. Hampton also testified that he had put the drugs in the cushion of Bradley's car and that Bradley had no knowledge of them. Hampton denied knowing about a gang called the ""King Kennedy Outlaws," denied that there were any gangs in Cleveland, denied that the letters tattooed on Bradley's arm, KKO, stood for King Kennedy Outlaws, and denied that Bradley belonged to the gang. He further testified that Bradley was a great guy who attended college and volunteered with children. In rebuttal, the state called a police officer as a gang expert who testified regarding the King Kennedy Outlaws and their presence at the King Kennedy Estates. The expert also tied the name found on Bradley's cell phone, "Bino," to the gang's graffiti.

In his first direct appeal, Bradley argued in the state appellate court that admission of the rebuttal testimony violated his Sixth Amendment right to confront witnesses against him and his Fourteenth Amendment right to due process. In his memorandum of law in the Ohio Supreme Court, Bradley argued that admission of the testimony violated his Sixth Amendment right to trial by jury and his Fourteenth Amendment right to due process. In neither brief did Bradley make any argument regarding a violation of federal constitutional rights, cite any federal caselaw, or cite any state cases addressing relevant violations of federal constitutional rights. Rather, in both courts, Bradley cited Ohio evidentiary law, an Ohio Supreme Court case for the proposition that the state may not stack inferences upon inferences, and an Ohio Supreme Court case for the proposition that credibility is a matter for the province of the jury and inappropriate for expert testimony.

11

Bradley has defaulted his allegation that admission of the rebuttal testimony violated his right to confront the witnesses against him because he raised this claim in the state appellate court but failed to raise the claim in the Ohio Supreme Court.  As he failed to fairly present this claim in the highest court in the state, the claim is procedurally defaulted.

Bradley has also defaulted his claim that the rebuttal testimony violated his right to due process.  Bradley merely referenced this broad right in the state courts without explaining what sort of due process violation he had in mind or providing any support for his assertion.  As has already been noted, the Supreme Court has held that a petitioner does not fairly present a federal claim to a state court merely by making a general reference to a broad constitutional guarantee such as "due process."  *Gray*, 518 U.S. at 163.

For the reasons given above, Bradley has procedurally defaulted his first ground for relief.  Bradley fails to demonstrate cause and prejudice for this default or demonstrate that failure to consider his claim will result in a fundamental miscarriage of justice.  Consequently, Bradley's first ground for relief should be dismissed.

*B.    Alleged ineffectiveness of counsel*

Bradley argues in his second ground for relief that trial counsel was ineffective for failing to present evidence that the quantity of cocaine found in his possession was sufficiently less than the amount presented at trial.  Bradley raised this claim in the trial court in his petition for post-conviction relief and in the state appellate court.  He failed, however, to raise this claim in the Ohio Supreme Court.  As Bradley failed to fairly present this claim in the highest court in the state, the claim is procedurally defaulted.

Bradley does not demonstrate cause and prejudice for his default or demonstrate that failure to consider this claim will result in a fundamental miscarriage of justice. Consequently, Bradley's second ground for relief should also be dismissed.

IV.

For the reasons given above, Bradley's two grounds for relief have been procedurally defaulted. Bradley's petition should, therefore, be dismissed with prejudice.

Date: January 26, 2011      /s/ *Nancy A. Vecchiarelli*
                            United States Magistrate Judge

### OBJECTIONS

**Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation. Failure to file objections within the specified time may waive the right to appeal the District Court's order. See *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). See also *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111.**