UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CURTIS BRADLEY, | CASE NO. 1:10cv681 |
| Petitioner, | |
| | JUDGE SARA LIOI |
| vs. | |
| RONALD STEVENSON, Warden, | **MEMORANDUM OPINION** |
| | **AND ORDER** |
| Respondent. | |

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Nancy A. Vecchiarelli (Doc. 6). Petitioner Curtis Bradley ("Petitioner") has filed objections to the R&R. (Doc. 10.) Respondent Ronald Stevenson ("Respondent") has filed no response. Having reviewed *de novo* those portions of the R&R that have been properly objected to, *see* Fed. R. Civ. P. 72(b)(3), for the reasons set forth below, the R&R is **ACCEPTED** and this petition is **DISMISSED**.

**I. FACTUAL AND PROCEDURAL HISTORY**

Because Petitioner objected only to those portions of the Magistrate Judge's Report and Recommendation addressing the procedural default of one of his grounds for relief (specifically Ground One)[1], the remainder of the Report—including its account of the factual and procedural history of the case—is hereby accepted as written.

---

[1] The Court would note that Petitioner only makes passing reference to his objection to the R&R, devoting only two paragraphs to the issue of procedural default (the issue on which the Magistrate Judge decided this matter) and spending the rest of the six pages of his objections discussing the merits of his claims, none of which the Magistrate Judge reached.

After a lengthy appellate history with the state court, Petitioner filed his petition for habeas corpus pursuant to 28 U.S.C. § 2254 on March 31, 2010, in which he raised two grounds for relief:

> Ground One: The trial court admitted evidence of gang-involvement that denied defendant due process of law and confrontation.
>
> Ground Two: Counsel was ineffective for failing to present evidence that the quantity of cocaine was sufficiently less than that presented at trial, which would have reduced the level of offense.

(Doc. 1 at 4.) The Magistrate Judge found that both grounds were procedurally defaulted. In his objections to the R&R, Petitioner now challenges the Magistrate Judge's finding as to Ground One, and concedes the finding as to Ground Two. (Doc. 10 at 6.) As Petitioner has conceded the Magistrate Judge's conclusion, and upon review, the Court accepts the R&R as to Ground Two. It will now examine Petitioner's objection as to Ground One, wherein Petitioner claims that the Magistrate Judge erred in concluding that the ground was procedurally defaulted and in not reaching the merits of the argument.

## II. STANDARD OF REVIEW

Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Court provides, "[t]he judge must determine *de novo* any proposed finding or recommendation to which objection is made. The judge may accept, reject, or modify any proposed finding or recommendation."

A federal judge may not issue a writ of habeas corpus if an independent and adequate state ground justifies the prisoner's detention. *Wainwright v. Sykes*, 433 U.S. 72, 81-88, 97 S. Ct. 2497, 53 L. Ed. 2d 594 (1977). One such independent and adequate state ground is failing to meet a state's procedural requirements for presenting federal claims to the state courts. *Edwards v. Carpenter*, 529 U.S. 446, 451, 120 S. Ct. 1587, 146 L. Ed. 2d 518 (2000). Another

2

independent and adequate state ground is a lack of "fair presentation" of the issue to the state courts. *Anderson v. Harless*, 459 U.S. 4, 6, 103 S. Ct. 276, 74 L. Ed. 2d 3 (1982); *Picard v. Connor*, 404 U.S. 270, 275, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971). To satisfy fair presentation requirements, a habeas petitioner must "give state courts a full opportunity to resolve any constitutional issues by involving 'one complete round' of the state's appellate review system." *Caver v. Straub*, 349 F.3d 340, 346 (6th Cir. 2003) (quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999)).

When a petitioner "procedurally defaults" a ground for relief by one of the above means, the ground cannot be considered by a federal court unless he shows: (1) "cause" and "prejudice" to excuse the failure to present his ground to the state's highest court, or (2) that a fundamental miscarriage of justice would result in the conviction of an actually innocent person. *Id*. To show "cause," a petitioner must show the existence of an objective factor external to him that precluded him from fairly presenting his claim while state remedies were available. *Coleman v. Thompson*, 501 U.S. 722, 753, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991). "Prejudice" requires a showing that the alleged constitutional error worked to the petitioner's actual and substantive disadvantage. *United States v. Frady*, 456 U.S. 152, 170, 102 S. Ct. 1584, 71 L. Ed. 2d 816 (1982).

## III. ANALYSIS

In the R&R, the Magistrate Judge recommends that the Court find that Petitioner has procedurally defaulted on Ground One because he failed to present the issue properly to the state's highest court in a federal constitutional context, and because he did not take appeals from the appellate court's decisions. In making this recommendation, the Magistrate Judge reasoned that, as to the first ground, Petitioner had asserted broadly in his state appellate court brief that he

has suffered violations of his Sixth Amendment *right to confront witnesses against him* and his Fourteenth Amendment right to due process. The Magistrate Judge further noted that, in contrast, Petitioner did not raise his right to confrontation issue before the Ohio Supreme Court, but asserted, instead, that his Sixth Amendment *right to trial by jury* and his Fourteenth Amendment right to due process had been violated by the admission of the evidence to which he objected. In both instances, however, he had failed to argue any federal basis for his due process assertions, or to cite any federal law or state law in support of the alleged violations of federal constitutional rights and, therefore, he failed to fairly present these claims. Additionally, though both rights are found in the Sixth Amendment, Petitioner's argument that his right to a trial by jury was violated (raised only in his brief before the Ohio Supreme Court) is separate and distinct from his previously-argued right to confront witnesses (raised only in his brief before the Eighth District Court of Appeals). Even if he had properly presented the issue in the state appellate court, failure to raise to the Ohio Supreme Court his claim regarding the alleged violation of his right to confront witnesses means that he did not preserve that claim, and that the claim is therefore procedurally defaulted for this additional reason. *See Stanford v. Parker*, 266 F.3d 442, 451 (6th Cir. 2001) ("Where a petitioner has not fully and fairly presented a federal claim to the state's highest court [ … ], a federal court ordinarily will not consider the merits of that claim unless the petitioner can show cause to excuse his failure to present the claims appropriately in state court, and actual prejudice as a result.").

Petitioner objects that he did, in fact, presented his first ground for relief properly to the lower state courts. In so stating, he reiterates arguments provided in the briefs to the state courts.

In his state appellate court brief, Petitioner argued that "[t]here are numerous evidentiary problems with the admission of this evidence, and the evidence should have been omitted. Admission of the evidence denied Mr. Bradley his right to confrontation of witness [sic] under the Sixth Amendment and due process under the Fourteenth Amendment, as discussed further below." (Doc. 5-2 at 28.) In his brief before the Ohio Supreme Court he asserted that he "was denied his Sixth Amendment right to trial by jury and his Fourteenth Amendment right to due process of law when the trial judge admitted evidence of gang activity during the prosecutor's rebuttal case." Additionally, he claimed that there were "numerous evidentiary problems with the admission of this evidence, and the evidence should have been omitted." (Doc. 11.)

As the Magistrate Judge rightly observed, discussion of the Sixth Amendment issue that followed the statement in Petitioner's appellate court brief involved repeated reference to the Federal Rules of Evidence and case citations to Ohio Supreme Court cases, but contained no discussion of the federal constitutional rights as set forth by the federal courts, nor did it contain citations to state case law on issues of federal constitutional violations. Again, as the Magistrate Judge has correctly noted, mere mention of a federal constitutional right or recitation of facts underlying a claim for relief is insufficient to satisfy the requirement that a petitioner fairly present constitutional issues to the state courts prior to filing a federal habeas petition. *See Picard v. Connor*, 404 U.S. 270 (1971); *Gray v. J.D. Nederland*, 518 U.S. 152, 163 (1996).

Even if Petitioner had fairly presented his federal claims to the state appellate court (which he did not), a review of Petitioner's memorandum in support of jurisdiction filed before the Ohio Supreme Court (Doc. 11) reveals that he did not fairly present his claims, which thereby again supports the finding of procedural default. As the Magistrate Judge found in the

5

R&R, not only did Petitioner entirely fail to support his due process claim with any case law or argument citing violations of federal constitutional rights before the state appellate court (thereby failing to fairly present the issue for argument before the state appellate court, *see Gray*, 518 U.S. at 163.), Petitioner then failed to assert the same claim or theory regarding the Sixth Amendment in his brief before the state supreme court and likewise failed to identify the nature of his "due process claim," thereby failing to fairly present the issue to that court as well. On all fronts, therefore, Petitioner's claims in his first ground for relief in his habeas petition are procedurally defaulted. Moreover, Petitioner has entirely failed to demonstrate any cause and prejudice for his default, as the Magistrate Judge correctly concluded.

Having reviewed the Magistrate Judge's analysis and Petitioner's objection, the Court OVERRULES Petitioner's objection and ACCEPTS the R&R as to Petitioner's procedural default.

## IV. CONCLUSION

For the reasons set forth above, the Court ACCEPTS the Magistrate Judge's recommendation that Petitioner has procedurally defaulted the grounds for his petition. The petition is therefore DISMISSED with prejudice.

**IT IS SO ORDERED**.

Dated: August 25, 2011

                                                    **HONORABLE SARA LIOI**
                                                    **UNITED STATES DISTRICT JUDGE**