UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CURTIS BRADLEY, | ) | CASE NO. 1:10CV681 |
| | ) | |
| PETITIONER, | ) | |
| | ) | JUDGE SARA LIOI |
| vs. | ) | |
| | ) | |
| RONALD STEVENSON, Warden, | ) | ORDER |
| | ) | |
| RESPONDENT. | ) | |

This case is before the Court on remand from the U.S. Court of Appeals for the Sixth Circuit for the sole purpose of determining petitioner/appellant's pauper status and indicating whether a certificate of appealability is granted or denied.

Petitioner brought this habeas corpus action pursuant to 28 U.S.C. § 2254. On August 25, 2011, the Court issued an opinion and order dismissing the petition for writ of habeas corpus, finding that petitioner's grounds for relief were procedurally defaulted. Petitioner filed a notice of appeal, which this Court now construes as a request for a certificate of appealability.[1] He also filed an application for leave to appeal *in forma pauperis.* (Doc. 16.)

**Certificate of Appealability**

An appeal may not be taken from the final order of a district court denying a motion filed pursuant to 28 U.S.C. § 2254 unless a certificate of appealability issues. 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22. In order to issue a certificate of appealability, the district court must find that the petitioner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

---

[1] *Slack v. McDaniel*, 529 U.S. 473, 483 (2000). *See also, Luberda v. Trippett,* 211 F.3d 1004, 1006 (6th Cir. 2000); *Hilliard v. United States,* 157 F.3d 444, 447 (6th Cir. 1998).

When a district court denies a habeas petition on procedural grounds without reaching the merits of prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that reasonable jurists would find it debatable whether: (1) the petitioner states a valid constitutional claim, and (2) the district court was correct in its procedural ruling. *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). When a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further. In such a circumstance, no appeal would be warranted. *Id.*

For reasons stated in greater detail in the Court's opinion and order of dismissal, the Court found that the federal claims contained in the instant petition[2] were not fully and fairly presented to the state courts; and therefore, petitioner procedurally defaulted the grounds for his petition. Specifically, the Court found that, although petitioner's state appellate court brief claimed that petitioner's constitutional rights were violated, he failed to discuss any authority regarding the identified constitutional rights as set forth by the federal courts and failed to cite any state case law regarding issues of federal constitutional violations. Further, the Court found that petitioner similarly failed to present his claims or theories before the state supreme court.

---

[2] The petition for habeas corpus pursuant to 28 U.S.C. § 2254 raised two grounds for relief:

> Ground One: The trial court admitted evidence of gang-involvement that denied defendant due process of law and confrontation.
>
> Ground Two: Counsel was ineffective for failing to present evidence that the quantity of cocaine was sufficiently less than that presented at trial, which would have reduced the level of offense.

(Doc. 1 at 4.)

2

Finally, the Court noted that petitioner entirely failed to demonstrate any cause and prejudice for his default.

Reasonable jurists would not find it debatable whether this Court was correct in determining that petitioner's grounds for relief in his habeas petition are procedurally defaulted. *See Dillingham v. Haberlin*, No. Civ. A. 1:04CV00115JHM, 2005 WL 2099803, at *8 (W.D. Ky. Aug. 26, 2005). Accordingly, the Court declines to issue a certificate of appealability as to petitioner's claims.

### Leave to Proceed *in Forma Pauperis*

The petitioner has filed a motion to proceed *in forma pauperis* on appeal. The docket indicates that the petitioner paid the $5 filing fee when he filed his petition in this Court. *See* 28 U.S.C. § 1914. Therefore, the petitioner is not automatically authorized to appeal *in forma pauperis* under Fed. R. App. P. 24(a)(3) and must show that he qualifies for such status. The Court may authorize the prosecution of any appeal without the prepayment of fees by a prisoner who shows that he is unable to pay such fees, Fed. R. App. P. 24(a)(1), unless the appeal could not be taken in good faith. 28 U.S.C. § 1915(a)(3). The good faith standard is an objective one and is less demanding than the standard governing the issuance of a certificate of appealability. *Coppedge v. United States,* 369 U.S. 438, 445 (1962). A habeas petitioner seeking to appeal the denial of a habeas petition will not be permitted to proceed *in forma pauperis* where the appeal would be frivolous. In this case, for the same reasons the Court declines to issue a certificate of appealability, the Court determines that any appeal would be frivolous; therefore, Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that the appeal is not in good faith. Accordingly, the motion for leave to proceed *in forma pauperis* is **DENIED**.

Under the Federal Rules of Appellate Procedure, an appellant who receives a certification that his appeal is not taken in good faith or is otherwise denied permission to proceed on appeal *in forma pauperis* by the district court may file a motion to proceed on appeal *in forma pauperis* with the court of appeals. Fed. R. App. P. 24(a)(5). This must be done within thirty (30) days and with supporting documentation. *Id.*

### Conclusion

For all the foregoing reasons, it is hereby ordered as follows:

(1) The Court declines to issue a certificate of appealability in this case and certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal may not be taken in good faith in this case;

(2) Petitioner's motion to proceed on appeal *in forma pauperis* is **DENIED**; and

(3) The Clerk of this Court is directed to forward a copy of the instant Order to the Clerk of the Court of Appeals for the Sixth Circuit.

**IT IS SO ORDERED**.

Dated: March 29, 2012

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**